# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8318 | **DATE** | 11/19/2002 |
| **CASE TITLE** | Patrick Costello vs. Eric Hansen | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___.
(3) ☐ Answer brief to motion due ___. Reply to answer brief due ___.
(4) ☐ Ruling/Hearing on ___ set for ___ at ___.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(7) ☐ Trial[set for/re-set for] on ___ at ___.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Costello is ordered to file in this Court's chambers on or before November 26, 2002 a Second Amended Complaint that properly confirms the existence of the requisite amount in controversy, failing which this Court will be constrained to dismiss the First Amended Complaint and this action for lack of subject matter jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | **NOV 2 0 2002** date docketed | |
| | Notified counsel by telephone. | | | 3 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 11/19/2002 date mailed notice | |
| SN | courtroom deputy's initials | date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PATRICK C. COSTELLO,            )
                                )
            Plaintiff,          )
                                )
    v.                          )   No. 02 C 8318
                                )
ERIC HANSEN,                    )   **DOCKETED**
                                )
            Defendant.          )   **NOV 2 0 2002**

MEMORANDUM OPINION AND ORDER

Patrick Costello ("Costello") has sued Eric Hansen ("Hansen"), seeking to invoke diversity of citizenship as the predicate for bringing an alienation of affections lawsuit in this federal court. For the reasons stated in this memorandum opinion and order, this Court sua sponte orders Costello to address what appears to be a jurisdictional flaw in that respect.

There is no problem with diversity of citizenship itself: First Amended Complaint ("FAC") ¶1 identifies Costello as an Illinois citizen, while FAC ¶2 says Hansen is a Wisconsin citizen. But as to the requisite jurisdictional amount in controversy--over $75,000, as prescribed by 28 U.S.C. §1332--the pro forma recital to that effect in FAC ¶3 appears seriously problematic.

As our Court of Appeals has reconfirmed in Cook v. Winfrey, 141 F.3d 322, 325 (7th Cir. 1998):

> It is axiomatic that a federal court must assure itself that it possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits of the action. "The requirement

that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" Steel Co. v. Citizens for a Better Environment, 118 S.Ct. 1003, 1012 (quoting Mansfield C.& L.M.R. Co. v. Swan, 111 U.S. 379, 382).

There is a court-created exception to federal subject matter jurisdiction where domestic relations matters are at issue, but this Court's preliminary look at that problem indicates that Costello's alienation of affections claim does not run afoul of that exception--see 13B Charles Wright, Arthur Miller & Edward Cooper, Federal Practice and Procedure: Jurisdiction 2d §3609, at 464-66 & n.11 (2d ed. 1984); Daily v. Parker, 152 F.2d 174 (7th Cir. 1945).

But what Costello has totally ignored in asserting his major damage claims--$100,000 in Count One, $100,000 in Count Two and $100,000 in Count Three--are the constraints that the Illinois General Assembly has placed on such lawsuits in its Alienation of Affections Act ("Act," 740 ILCS 5/1 through 5/3):[1]

    1. Section 2 limits recovery to "actual damages sustained."

    2. Section 3 bars the imposition of any "punitive, exemplary, vindictive or aggravated damages."

    3. Section 4 sets out a passel of nonrecoverable elements of claimed damage:

---

[1] Citations to the Act will simply read "Section --," omitting the repetition of "740 ILCS 5/."

> In determining the damages to be allowed in any action
> for alienation of affections, none of the following
> elements shall be considered: the wealth or position
> of defendant or the defendant's prospects of wealth or
> position; mental anguish suffered by plaintiff; any
> injury to plaintiff's feelings; shame, humiliation,
> sorrow or mortification suffered by plaintiff;
> defamation or injury to the good name or character of
> plaintiff or his or her spouse resulting from the
> alienation of affections complained of; or dishonor to
> plaintiff's family resulting from the alienation of
> affections.

Those constraints have caused the Illinois courts to take a sharp pencil to damage claims that are sought to be advanced by plaintiffs asserting such claims. For example, the opinion in Coulter v. Renshaw, 94 Ill.App.3d 93, 418 N.E.2d 489 (2d Dist. 1981), written by this Court's colleague Honorable George Lindberg (then an Illinois Appellate Court Justice), expressly rejected claims of attorneys' fees in a dissolution of marriage proceeding (relief that Costello seeks here) and loss of consortium (also sought by Costello to the tune of $100,000 of his $300,000 claim). Indeed, Costello's claims are strongly reminiscent of those that were unsuccessfully sought to be advanced in Siegall v. Solomon, 19 Ill.2d 145, 166 N.E.2d 5 (1960), in which the Illinois Supreme Court rejected such a complaint in holding the Act to be constitutional.

Here the conclusory allegations of claimed damages that have been set out by Costello either run head on into the express statutory limitations or, if not, do not at all satisfy an "actual damages sustained" standard. This Court would therefore

3

be remiss in its obligations to guard appropriate subject matter jurisdiction if it did not demand more from Costello. Accordingly he is ordered to file in this Court's chambers on or before November 26, 2002 a Second Amended Complaint that properly confirms the existence of the requisite amount in controversy, failing which this Court will be constrained to dismiss the FAC and this action for lack of subject matter jurisdiction (without prejudice of course to Costello's ability to bring his lawsuit in a state court of competent jurisdiction).

                                      Milton I. Shadur
                                      Senior United States District Judge

Date: November 19, 2002