# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8318 | **DATE** | 11/26/2002 |
| **CASE TITLE** | Patrick C. Costello vs. Eric Hansen | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. In summary, just as was indicated in the Opinion, Costello may well have some claim against Hansen - - but not in this federal court. In accordance with what had been anticipated as a possibility a the end of the Opinion, this Court dismisses both the Second Amended Complaint and this action for lack of subject matter jurisdiction (but without prejudice of course to Costello's ability to bring his lawsuit in a state court of competent jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | NOV 27 2002 date docketed | 4 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | G.Y. docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | 11/26/2002 date mailed notice | |
| SN | courtroom deputy's initials | 02 NOV 27 AM 8 20 | SN mailing deputy initials | |
| | | 0T-03-03 time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PATRICK C. COSTELLO,  )
                     )
        Plaintiff,   )
                     )
    v.               )   No. 02 C 8318
                     )
ERIC HANSEN,         )
                     )
        Defendant.   )

MEMORANDUM OPINION AND ORDER

Immediately after receiving the self-prepared Complaint and First Amended Complaint ("FAC")[1] brought by Patrick Costello ("Costello") against Eric Hansen ("Hansen"), charging Hansen with alienation of the affections of Costello's wife, this Court issued its November 19, 2002 memorandum opinion and order ("Opinion") that drew Costello's attention to the jurisdictional flaws in his pro se pleading. Now Costello has submitted a Second Amended Complaint ("SAC") that calls to mind not one but two literary figures of the eighteenth century--in the first instance because the SAC evidences Costello's continuing demonstration that William Congreve was being unduly chauvinistic over three centuries ago when he put this aphorism into the mouth of one of his characters in The Mourning Bride, act 3, sc. 8:

> Heaven has no rage like love to hatred turned, nor hell a fury like a woman scorned.

But that aside, Costello has not responded to the Opinion in a

---

[1] All that the FAC did was to correct the original misspelling of defendant's last name.

manner that supports federal subject matter jurisdiction, so that both the SAC and this action must be dismissed.

To begin with, SAC Count I ¶¶23 and 24 reflect an effort by Costello to address Opinion at 2-3, which had apprised him of something of which he had obviously been unaware: "the constraints that the Illinois General Assembly has placed on such lawsuits in its Alienation of Affections Act ("Act," 740 ILCS 5/1 through 5/3)" (Opinion at 2). Although Costello asks for an indeterminate amount of damages as to Count One and for an amount "in excess of" $50,000 in his rephrasing of what is really the same state law claim in Count Two, his attempted dressing up of those claims has plainly failed to surmount the requisite over-$75,000 floor required for diversity jurisdiction, in light of the manner in which the Illinois decisions applying the Act and cited in the Opinion--<u>Coulter v. Renshaw</u>, 94 Ill.App.3d 93, 418 N.E.2d 489 (2d Dist. 1981) and <u>Siegall v. Solomon</u>, 19 Ill.2d 145, 166 N.E.2d 5 (1960)--have curbed such potential recoveries.

In an effort to add a second string to his presently-unstrung federal jurisdictional bow, Costello has added two more claims--embodied in SAC Counts Three and Four--that purport to invoke the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§1961-1968.[2] In that respect, however, he

---

[2] Further citations to RICO will take the form "Section --," omitting the reference to Title 18.

runs afoul of a famous aphorism by still another eighteenth century author, Alexander Pope ("A little learning is a dangerous thing").

Quite apart from any questions as to the sustainability of Costello's attempted attribution of 18 U.S.C. §§2421, 1343, 1512 and 1513 to Hansen's alleged conduct (issues that this Court need not explore under the circumstances), what Costello has missed entirely is that RICO's Section 1962 (a violation of which is necessary to permit a private action to be brought under Section 1964(c)) must implicate an "enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." That essential ingredient is totally missing from Costello's attempted RICO claims.

In summary, just as was indicated in the Opinion, Costello may well have some claim against Hansen--but not in this federal court. In accordance with what had been anticipated as a possibility at the end of the Opinion, this Court dismisses both the SAC and this action for lack of subject matter jurisdiction (but without prejudice of course to Costello's ability to bring his lawsuit in a state court of competent jurisdiction).

_____
Milton I. Shadur
Senior United States District Judge

Date: November 26, 2002